**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DELCINA PEARSON, | |
| *Plaintiff*, | |
| v. | Civil Action No. 25-1942 (SLS) |
| | Judge Sparkle L. Sooknanan |
| CACI, | |
| *Defendant*. | |

**MEMORANDUM OPINION**

Delcina Pearson brought this lawsuit against CACI International, Inc. (CACI) alleging discrimination and retaliation. CACI moves to dismiss for insufficient service of process and failure to state a claim under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). For the reasons below, the Court grants CACI's motion and dismisses this action.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). Because Ms. Pearson is proceeding pro se, the Court considers the Complaint "in light of all filings, including filings responsive to [the] motion to dismiss."[1] *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

Ms. Pearson commenced this lawsuit on June 20, 2025. Her Complaint says little about the basis for her claims. It alleges that she "faced discrimination and retaliation including wrongful

---

[1] CACI argues that Ms. Pearson "may not amend her complaint through an opposition to a motion to dismiss." Reply 9 n.3. It is wrong. Because Ms. Pearson is proceeding pro se, the Court properly relies on her Response to the Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint, ECF. No. 10, in considering CACI's motion.

termination." Compl. 4, ECF No. 1. It further alleges that "[she] was assigned tasks (e.g. daily reporting) not given to [her] white [colleagues]," and that her manager disclosed her medical information without authorization. *Id.* Her accompanying Civil Cover Sheet identifies her causes of action as "retaliation, discrimination, [and] disability."[2] Civil Cover Sheet at 2, ECF No. 1-1. On November 11, 2025, CACI moved to dismiss under Rules 12(b)(5) and 12(b)(6). ECF No. 4. That motion is fully briefed and ripe for review. Opp'n, ECF No. 10; Reply, ECF No. 9.

## LEGAL STANDARD

"If the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" under Rule 12(b)(5) of the Federal Rules of Civil Procedure. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (cleaned up). "Unless proper service has been effected, the Court lacks personal jurisdiction over a defendant" and may not proceed with the action. *Corsi v. Mueller*, 422 F. Supp. 3d 51, 60 (D.D.C. 2019).

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (cleaned up). But

---

[2] The Court takes note of the Civil Cover Sheet only to clarify the nature of Ms. Pearson's claims. *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers.").

courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (cleaned up).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). "Although a pro se complaint must be construed liberally, the complaint must still present a claim on which the Court can grant relief to withstand a Rule 12(b)(6) challenge." *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (cleaned up).

### DISCUSSION

Ms. Pearson brings this action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).[3] CACI moves to dismiss for improper service of process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6). Mot. 1, ECF No. 4-1. The Court agrees that CACI was improperly served and dismisses this action under Rule 12(b)(5).

CACI contends that Ms. Pearson failed to effectuate service because she served only a summons without an accompanying complaint. Mot. 6; Cook Decl. ¶ 5, ECF No. 4-3.[4] Ms. Pearson argues that dismissal is not warranted because her summons still gave CACI "actual notice" of this action and so the omission was merely a "technical defect[]" by a "pro se" litigant. Opp'n 2. Although the Court empathizes with the challenges that pro se litigants face in navigating

---

[3] Ms. Pearson's Complaint does not identify Title VII and the ADA as her causes of action. But in opposing dismissal, she clarifies that those statutes are the bases for her claims. Opp'n 5.

[4] The Parties dispute whether service was made on an agent authorized to receive service on behalf of CACI. Mot. 6; Opp'n 2. The Court need not address this question because service was independently improper as it omitted the Complaint.

the judicial process, those challenges "'do[] not constitute a license for'" this Court "to ignore the Federal Rules of Civil Procedure." *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 27 (D.D.C. 2014) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). And "[t]he Federal Rules of Civil Procedure require service of a copy of both the summons *and* the complaint" to effectuate service. *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 18 (D.D.C. 2002) (citing Fed. R. Civ. P. 4(h)). Consequently, Ms. Pearson's attempt at service was "insufficient" under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5).

Rather than dismiss her Complaint, Ms. Pearson asks this Court to extend the deadline for service under Rule 4(m) so that she can correct her mistake. Opp'n 3. She also seeks leave to amend her Complaint under Rule 15(a)(2). Opp'n 5. While the Court would ordinarily grant such requests from a pro se plaintiff, it may not do so in this case.

Starting with service, Rule 4(m) allows for extension of the service deadline "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Ms. Pearson has not demonstrated good cause to warrant an extension of the service deadline because any "extension would be futile." *Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78, 84 (D.D.C. 2016). Both Title VII and the ADA require a suit to be filed within ninety days of a "Notice of Right to Sue" from the Equal Employment Opportunity Commission (EEOC). *See* 42 U.S.C. § 2000e–5(f)(1) (Title VII); *Gordon v. District of Columbia*, 605 F. Supp. 2d 239, 244 (D.D.C. 2009) (recognizing the ADA borrows the same deadline). And Ms. Pearson filed this action on June 20, 2025, ninety-two days after she received her EEOC Notice of Right to Sue on March 20, 2025. Compl. 1; Oppn. 3–4. As CACI argues, this alone would be grounds to dismiss this case under Rule 12(b)(6). Mot. 6–7.

Ms. Pearson's arguments to the contrary fall short. First, Ms. Pearson argues that the ninety-day filing period should begin when she "actually viewed or accessed" the notice, which

she claims was "several days after issuance." Opp'n 3. But this is not correct. The ninety-day period established in Title VII "begins the day after the letter is received[] and . . . expires on the 90th day thereafter." *Gill v. District of Columbia*, 872 F. Supp. 2d 30, 35 (D.D.C. 2012). Thus, according to Ms. Pearson's representations about when she received the EEOC letter, the period began on March 21, 2025, and concluded on June 18, 2025, two days before Ms. Pearson filed her Complaint. *See* Opp'n 3.

Second, Ms. Pearson asks this Court to equitably toll the statutory deadline, arguing that tolling is warranted "where a pro se litigant": "acted diligently," "lacked clarity on the date of receipt," "faced confusion caused by the EEOC's electronic delivery system," or "encountered circumstances outside her control." Opp'n 4. But courts may equitably toll a missed deadline "only in 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Jackson v. Modly*, 949 F.3d 763, 778 (D.C. Cir. 2020) (quoting *Head v. Wilson*, 792 F.3d 102, 111 (D.C. Cir. 2015)). The plaintiff bears the burden of pleading and proving equitable reasons to toll, *see United States v. Saro*, 252 F.3d 449, 454 (D.C. Cir. 2001), and must show "(1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing," *Dyson v. District of Columbia*, 710 F.3d 415, 421 (D.C. Cir. 2013) (cleaned up). Ms. Pearson has not carried that burden here. Her vague and conclusory allegations fail to establish that extraordinary circumstances prevented her from meeting the deadline. Thus, equitable tolling is not warranted.

Turning to amendment, Ms. Pearson requests leave to amend her Complaint under Rule 15(a)(2) in lieu of dismissal for lack of service. Opp'n 5. But a "request for leave to amend may be denied if a plaintiff fails to comply with [D.D.C.] Local Rule 15.1, which dictates that a

5

motion for leave to amend 'shall be accompanied by an original of the proposed pleading as amended.'" *Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77, 87 (D.D.C. 2015). Here, the Court informed Ms. Pearson of her obligation to file a proposed pleading under Local Rule 15.1 and asked Ms. Pearson to supplement her motion with such a proposal. *See* Min. Order (Apr. 6, 2026). But Ms. Pearson failed to respond to the Court's order. Accordingly, without a proposed amended pleading to evaluate, the Court denies Ms. Pearson's request for leave to amend. *See Bradley v. D.C. Pub. Schs.*, 87 F. Supp. 3d 156, 162–63 (D.D.C. 2015) (denying leave to amend for failure to attach amended complaint under local rules); *Belizan v. Hershon*, 434 F.3d 579, 582–83 (D.C. Cir. 2006) (affirming denial of oral offer to amend for failure to comply with Rule 15(a) and Local Rule 15.1).

## CONCLUSION

For the above reasons, the Court grants the Defendant's Motion to Dismiss. ECF No. 4. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   May 19, 2026